Gerald Hayes

vs.

STATE of Texas

Court of Criminal Appeals
Austin, TX

PD-1547-14

01-09-00437-CR
#198372-tc.

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 09 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

APR 09 2015

Abel Acosta, Clerk

Court of Criminal Appeals

Court Clerk:

I Am currently filing a PDR on April 10 2015, Addressing issues pertaining to the Ander's Brief filed by Counsel, Franklin Bynum, Appointed After pro se Counsel Removal by COA. These issues And claims of Abuse of discretion by COA And ineffective Representation were previously motioned before your court. (See Docket)

Enclosed is one of many correspondences directed At Counsel whom clearly Abanded Appellant before Review of the record And was guilty of legal shenanigans that Resulted in a Flawed Ander's briefing. It has violated the due process Rights of the Appellant And opportunties to properly litigate points of errors within the record.

Prior to filing of PDR, I motion to have this document And Numerous others included for Review And consideration. either as exhibits OR Judical Notice.

Respectfully

G Hayes

4-8-2015

FRANKLIN Bynum:

Dear Sir:

It is Apparent from your blant disregard for the TRAP And my Need to perserve All points of errors that firmly exist in the trial court Record, that your intention is one of ineffectiveness And conflict of interest. As Requested in your previous Letter, I have filed a grievance with the STATE BAR And Refuse to Adhere to your suggestion And legal pressure to WAIVE my Rights to A direct Appeal per your motion. Since a grievance has been filed, CASE law STATES a conflict of interest, requiring your removal or hearing for determine, etc.

IF you proceed with the brief, Although I object to any filing by your office, since the record is clearly incomplete And missing. I suggest you contact Allen Isbell, stand-by-counsel, for Appellant For truth A cover up exist that requested in denied of confrontation.

Since the COA has "blackballed" any prose motions And correspondence I Am requesting And demanding, the following:

1. Pro se Direct Appeal brief - previously "struck" by COA, be Admitted And refiled for review.

2. motion Filed before COA, requesting (15) days After Filing of your brief to permit Appellant, pro se supplement to brief.

3. Abatement of Appeal until Federal writ And motion for discretionary Review before Court of Crim. App. is ruled on. - (Issues of pro se removal)

4. Permit Appellant, Hayes - previous counsel, to review Appellate brief prior to filing, securing that All requested And needed points of errors are included And complete for Appellate review. Appellant does Not waive any points of errors Not included by counsel but exist in record, based on his, Bynum, defense

Strategy that appears to be deficient and is undermining the proper functioning of the adversarial process. Bynum's strategy not to consult with the Appellant and "leave out" certain points of error, which include proceeding with an incomplete/missing trial record carries an inherent risk of prejudice.

5. Counsel to address for Appellate review the COA decision that resulted in a decision/order that was contrary to and involved an unreasonable application of clearly established federal law and decision was based on an unreasonable determination of fact, in light of the evidence presented.

6. Both the Trial court, Court Reporter, District Attorney and Court of Appeal are in violation of Brady v. Maryland
*withholding record and new discovered evidence, equally trusting is Hayes' repeated presentation of exhibits and documents/record that support there claims.

7. Appellant direct Appeal brief need to include the following:
A.) extraneous offense (other pending robbies) Admitted by state 404(b). Record contains NO timely filed notice
B.) Insuff. of evidence - Jackson v. V.R - All essential elements of offense Robbery- Pellet gun? Never any testimony of pellet gun used lesser included offense - pellet gun vs. DW Firearm 2 prong L.D. Not met. Abuse of discretion.
C.) Sentencing error - enhancement - (Insuff. evid) (2-20) pew packet
D.) Incomplete/missing record - needed to show violation of confrontation right to witnesses - Defense in chief Recalling
e) COA denial of Appellant's due process, equal protection right, to self-Rep on Appellate Brief.
F) Newly discovered evidence - withheld by D.A. (Pictures) shall had recieved via mail or fax - in your possession
* Considering the Above a refusal to waiver please provide me with copies of motion for supp filing for pro se and resubmitting of pro se brief Asap.

Respectfully.

11-11-13



**P**ublic
**D**efender's
**O**ffice

Harris County, Texas

December 26, 2012

Gerald Allen Hayes
TDCJ No. 01578806
Ellis Unit
1697 Farm to Market Road 980
Huntsville, Texas 77343

Dear Mr. Hayes:

**Franklin G. Bynum**
Assistant Public Defender
franklin.bynum@pdo.hctx.net

**Harris County Public Defender**
1201 Franklin Street
13th Floor
Houston, Texas 77002

**Main Number**
(713) 368-0016

**Facsimile (e-mail preferred)**
(713) 437-4334

I am enclosing every piece of paper you have ever sent me. I will retain the record on appeal, on loan from the clerk's office, in my office until I complete the brief in this case.

The due date for the appellant's brief in this case is now January 3, 2013. I will be seeking additional time to complete the brief due to the length of the record and the time it takes to respond to your numerous requests.

You are smart enough to realize that direct appeal is not the correct vehicle to raise the issues that you wish to raise. The nature of direct appeal is a very limited, technical review of the record. You did include some additional evidence at the motion for new trial, but again I am limited to what was admitted at the hearing.

You will not be able to proceed with your postconviction writ until the direct appeal concludes. Your direct appeal will conclude when the mandate issues or when the appeal is dismissed by you.

You requested a "hearing to possibly remove [sic.] withdraw my right to appeal." You do not need a hearing to accomplish this; I have attached a form motion to dismiss your appeal. Once you file it, though, you will not be able to pursue your direct appeal again. However, you will be able to proceed with your claims outside the record via a postconviction writ.

Since you have repeatedly told me that you believe my brief representation has been deficient already, I have enclosed a blank grievance form for your convenience.

Yours very truly,

Franklin G. Bynum